By the Court.—Sedgwick, Ch. J.
The complaint alleged that plaintiff was president of the National Cross Country Association of America, an association of seven members and upwards ; that said association was organized on or about, etc., and that it then and there adopted a constitution and by-laws for its own- government, and “plaintiff begs leave to refer to said constitution and by-laws and hereby makes them a part of this complaint.” The complaint proceeded to state the supposed cause of action. After the verification, a list was added headed, “ officers of the National Cross Country Association of America, .President Otto Ruhl, New York Athletic Club, Vice President William Halpin, Olympic Athletic Club, etc. etc.,' and then Constitution, etc., Article 1, etc., and then By-laws, article 1, etc.”
The answer put in issue the allegations of the complaint as to the supposed cause of action, first however averring that, “excepting the Missouri Athletic Association and Manhattan Athletic Club, the members of said association are not persons in the meaning indicated in the Code of Civil Procedure; that no one of the members of said association is a natural person, and that seven of said members are not incorporated and therefore not legal persons.”
The motion and the argument at the bar did not re *477 gard the quality of the pleading on either side, excepting as it was conceded by both sides, that the matter that has been extracted from the answer was intended to raise the question of whether plaintiff had legal capacity to sue. The plaintiff contends that the facts averred in this part of the answer appeared upon the face of the complaint and that therefore the defendant was bound by the Code to raise the question as to capacity to sue by demurrer, and that the answer was virtually a demurrer. It is further contended that the defendant could not demur and answer as to the cause of action in the same pleading. I do not think it necessary to decide as to the validity of the last proposition. The defendant contends that the facts on which he has a right to question the plaintiff’s capacity to sue, do not appear in the complaint.
As to such a capacity, § 1919, Code Civil Procedure says, that an action may be maintained by the president of an unincorporated association consisting of seven or more persons. The complaint, however, avers an association not of seven persons but of “ seven members and upwards.” As the plaintiff’s motion did not assume that this was to signify anything different “ from seven persons,” it mustbe taken that the complaint argumentatively implied, that the members were persons legally qualified to be members. The addendum to the complaint of a list of names of persons purporting to be officers, had not been referred to in the complaint, so that it may be guessed that the complaint meant that such persons were the members. The constitution which was referred to in the complaint did not show that the names in the list were of persons who had been chosen to be officers. And as to the constitution providing that any amateur club or cross country organization should be eligible to membership in the association, it nowhere appeared that such organizations were not meant to be incorporated associations.
I think, it nowhere appeared, that the complaint *478 placed the qualifications of the members upon the fact that they were not natural persons, or legal persons, so that the defendant could question the legal capacity to sue by demurrer. Therefore the defendant had the right to aver in the answer the existence of facts, which if proved would show that the association represented by the plaintiff, as president, was not empowered to sue through its president under the provisions of § 1919. Such an answer made an issue of fact and was not virtually a demurrer.
The order below, should be affirmed with $10 costs and disbursements to be taxed.
Truax, J., concurred.